UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY A. BERTOLDI

    Plaintiff,

v.                                       CASE NO.  8:04-CV-2522-T-MAP

JO ANNE BARNHART,
Commissioner of Social Security

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the Commissioner's decision denying his period of disability and disability insurance benefits.[1]  In summary, Plaintiff claims the ALJ's findings are not supported by substantial evidence and new and material evidence requires remand for further administrative review.  After reviewing the administrative record, however, I find the ALJ applied the correct regulatory standards supported by substantial evidence.  Accordingly, the Commissioner's decision is affirmed and the Plaintiff's complaint is dismissed.

*A. Background*

Plaintiff, who was 59 years old at the time of the administrative decision, is a former small business owner of a firm that installed and repaired air conditioners.  As to be expected with such an enterprise, Plaintiff managed, supervised, and labored in the field doing work that likely ranged the gamut from light to heavy work.  Eventually, Plaintiff changed roles and served as a consultant

---

[1] The parties have consented to my jurisdiction (doc. 16).  *See* 28 U.S.C. § 636(c).

to the business, but by the end of 1998, after having worked part-time for a few years, he says he had to quit because of his various impairments. With a last insured date of December 31, 2001, Plaintiff alleges a disability onset date of December 1, 2000, due to severe scoliosis, chronic back pain with multiple level degenerative disc disease, irritable bowel syndrome, pain in the knees, pain in the neck and left shoulder, and pain in the left long finger. The ALJ, however, concluded at step four of the sequential analysis the Plaintiff could return to his former past relevant work as an owner/operator of an air-conditioning business. Alternatively, the ALJ applied step five of the sequential analysis and determined Plaintiff could perform other work in the national economy. At both steps four and five, the ALJ used a vocational expert to assist in the analysis.[2]

   *B. Standards of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further

---

[2] The ALJ accurately reports Plaintiff's medical history which I adopt.

inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

When reviewing an ALJ's findings, the key question is whether substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton, supra,* at p. 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *C. Discussion*

*1. treating physician's opinions*

Although Plaintiff claims the ALJ committed a variety of errors, his complaints are mostly about the sufficiency of the ALJ's evidentiary findings.  But in making his arguments, the Plaintiff chiefly relies on medical events or opinions well after the date of last insured, December 31, 2001.  When the medical evidence prior to then is examined, substantial evidence supports the ALJ's decision.

After the administrative hearing but before the administrative decision, the Plaintiff submitted opinions by the Plaintiff's treating orthopedist, Dr. Barker, about Plaintiff's functional capacities two years earlier (between December 2000 and December 2001).  Dr. Barker, who had treated Plaintiff from 1997 through 2002, essentially opined Plaintiff could do little of anything.  The Plaintiff, according to the physician, could only stand or walk less than an hour in a working day, sit for less than an hour, never lift more than 10 pounds, could not perform simple grasping, much less pushing or pulling, and  never bend, kneel, squat, crawl, or climb stairs.  As Dr. Barker put it, "This patient is totally disabled permanently." *See* R. 148. Plaintiff contends these opinions are entitled to deference and the ALJ's reasons discounting them are not supported by substantial evidence.

Unquestionably, the ALJ followed the regulatory scheme for assessing a treating physician's opinion, a scheme that requires the ALJ give a treating physician's testimony substantial or considerable weight unless "good cause" is shown to the contrary.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "Good cause" exists where the doctor's opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the doctors' opinions were conclusory or inconsistent with their own medical records.  *Lewis* at 1440

4

(citations omitted); *see also Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (treating physician's conclusion that claimant was totally disabled inconsistent with physician's own treatment notes and medical evidence). The regulations dictate the logical reasons for such a preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

Thus, if the ALJ discounts the treating physician's opinion, the ALJ must clearly articulate the reasons for doing so; otherwise, it is reversible error. *Lewis* at 1440. In accordance with these demands, the ALJ spelled out his reasons for rejecting Dr. Barker's opinions.

As the ALJ observed, the Plaintiff's medical evidence covering the period of Dr. Barker's retrospective opinion is sparse, particularly given the intense pain claimed by Plaintiff (a nine on a scale of one to ten) and the debilitating limitations described in the functional assessment. Indeed, none of the Plaintiff's medical records during this time indicate Dr. Barker imposed the physical limitations later opined in the evaluation. For example, in December 1999, a year before the earliest date of the opinion, the orthopedist noted Plaintiff's gait, motor, sensory and reflexes were normal (R. 105). That same month, Dr. Barker quoted the Plaintiff as saying "I feel better than I have ever felt." *Id.* A neurological examination in August 2001 proved negative. In October 2002, the date of the last medical entry with Dr. Barker until 2005 (*see* Plaintiff's motion to remand), Plaintiff told his physician his medication (Celebrex) apparently "work[s]." Based on this record, substantial evidence supports the ALJ's reasons for discounting the treating physician's opinions about the

Plaintiff's functional capacity.

        *2. step four*

Plaintiff's complains the ALJ erred at step four because the ALJ found Plaintiff could return to his work as a business owner/operator. *See* doc 12 at p. 3. Plaintiff asserts the demands of his job as the owner of an air-condition business required him to do work that ranged from light to heavy. The ALJ, with the assistance of a vocational expert, characterized Plaintiff's former work as light skilled work, based on the classification from the Dictionary of Occupational Titles (DOT). Leaving aside the fact that the consultant's job the Plaintiff performed in the few years before he quit seems at odds with the demanding physical labor Plaintiff described as the former owner of the business, Plaintiff's claim here misses scope of the regulatory framework for analyzing a claimant's ability to return to work.

At step four, the ALJ decides if the claimant retains the capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). The ALJ first assesses the claimant's residual functional capacity, (RFC – the claimant's remaining ability to do work despite impairments) and then compares this to the physical and mental demands of his former work. *Id.* If the ALJ finds the claimant can perform the actual functional demands and job duties of a particular past relevant job, the claimant is not disabled. 20 C.F.R. § 404.1520(e). But Social Security Rulings outline two methods for evaluating one's RFC: assessing the actual demands and duties of the claimant's particular past relevant job or the "functional demands and job duties as generally required by employers in the national economy." SSR 82-61; *Martin v. Sullivan*, 901 F.2d 650, 653 (8th Cir. 1990). These two tests are applied disjunctively. *Id.* Accordingly, a claimant must show he is unable to perform "his past *kind* of work" and not a specific job he held in the past. *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th

Cir. 1986) (emphasis in original).  And in determining the work level required for that "past kind of work," the ALJ can refer to the DOT for guidance.  *See* SSR 82-61 (stating DOT may be relied upon to determine demands of a job as generally performed in the national economy).  Admittedly, the evidence would not support the conclusion Plaintiff could still do the heavy or medium work he used to do for his specific air conditioning business, but it does substantially support the ALJ's decision he could do "his past kind of work" of managing the same type of business.   Hence, the ALJ did not err at step four of the analysis.[3]

### 3. motion to remand – new evidence

Plaintiff was diagnosed with a rare form of thyroid cancer in 2003 and offers evidence in the form of a medical opinion by his endocrinologist contending that disease was likely in existence before his last date insured and would have aggravated his condition.  The physician noted the symptoms for the disease "are very insidious or sometimes absent."  Thus, he argues this new evidence warrants a remand for further administrative proceedings.  That his condition, a slow growing cancer, may have existed prior to December 31, 2001, does not automatically justify remand.

Sentence six of 42 U.S.C. § 405(g) permits a court to remand a case under certain conditions if the claimant can show: (1) there is new, non-cumulative evidence; (2) the evidence is 'material' in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level."  *Cannon v. Bowen*, 858 F. 2d 1541, 1546 (11th Cir. 1988).  The

---

[3] Frankly, it is unnecessary that I evaluate the ALJ's decision at step five, but given the testimony of the vocational expert the ALJ's decision at that step is also supported by substantial evidence.

determination of whether remand is warranted for new and material evidence is a *de novo* determination to be made by the court. *Caulder v. Bowen*, 791 F. 2d 872 (11th Cir. 1986).

Applying these standards, this evidence, while new, does not warrant a remand. Indeed, the fact Plaintiff's condition later worsened is not particularly probative. At best, the new evidence gives some underlying clue for the Plaintiff's condition during the relevant period. Yet, when contrasted to Dr. Barker's treatment notes for December 1999, it is not so relevant and probative as to give a reasonable chance for changing the administrative results.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on this 1st day of March, 2006.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record